Citation Nr: 1602943 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 01-03 149 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for a back disorder with neck, right arm, and chest problems.


REPRESENTATION

Appellant represented by: Daniel G. Krasnegor, Attorney


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

McBrine, M., Counsel


INTRODUCTION

The Veteran had active service from January 1985 to April 1985. He also had additional service in the Army National Guard, to specifically include active duty for training from June 26, 1998, to July 4, 1998.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2000 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO), in Jackson, Mississippi, which denied service connection for a back condition with neck, right arm, and upper chest area problems.

In April 2005, the Veteran testified at a personal hearing over which an Acting Veterans Law Judge of the Board presided while at the RO. A transcript of the hearing has been associated with the Veteran's claims file. The Veterans Law Judge that conducted that hearing is no longer employed by the Board. The law requires that a Veterans Law Judge that conducts a hearing on appeal must participate in any decision made on appeal. 38 U.S.C.A. § 7107(c) (West 2012); 38 C.F.R. § 20.7007 (2015). Therefore, in March 2013, the Board notified the Veteran of the fact that the Veterans Law Judge that conducted that hearing was no longer employed by the Board, and that he had the opportunity to testify at another hearing. See 38 C.F.R. § 20.717 (2015). In correspondence dated later in March 2013, the Veteran's representative notified the Board that he did not wish to appear at another hearing before a Veterans Law Judge of the Board.

This matter was previously before the Board in August 2007 and August 2008, at which time it was remanded for additional development. Thereafter, in a March 2009 Board decision, service connection for a back disorder with neck, right arm, and chest problems was denied. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In February 2011, the Court issued a Memorandum Decision, setting aside the Board's March 2009 decision and remanding the issue of service connection for a back disorder with neck, right arm, and chest problems to the Board. The appeal was returned to the Board in February 2012, wherein it was remanded for additional development consistent with the February 2011 Memorandum Decision. It was remanded again in a November 2013 Board decision, and now returns again to the Board.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely regrets that yet another remand is warranted in this case. However, when this case was last remanded in December 2013, it was remanded, in large part, for a VA examination.

On Remand, the examiner was requested to provide an opinion as to whether it was at least as likely as not that the Veteran has had a back disability (either cervical or lumbar) at any time over the course of this appeal since the date of claim in March 2000, and if so, whether it is at least as likely as not that such is/are related to his period of active service. In offering an opinion the examiner was directed to specifically address the July 1998 in-service injury, to include the ongoing service treatment dated through November 1998, and address the treatise evidence submitted by the Veteran's representative in July 2013. In addition, the examiner was requested to specifically address the Veteran's lay testimony and statements in support of his claim. Further, if he rejected the Veteran's reports of symptomatology, he was requested to provide a reason for doing so. Medical reasons for rejecting any part of the Veteran's history were to be set forth in detail. Finally, the examiner was requested to provide a rationale for each opinion given, and discuss the prior medical evidence in detail and reconcile any contradictory evidence.

The Veteran did receive a further VA examination in May 2014. At that time, the examiner, after reviewing the Veteran's service treatment records, opined that it was extremely unlikely that the Veteran's current symptoms, which included transient right hemiparesis and numbness of the entire right side of his body, were in any way related to the accident described by the Veteran, and noted in his service treatment records. This is the entire opinion; the examiner did not discuss the treatise evidence as previously requested, did not comment on any other evidence of record, did not discuss the Veteran's testimony and statements, and did not provide any substantive rationale.

A Remand by the Board confers on the veteran, as a matter of law, the right to compliance with the Remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Where the Remand orders of the Board are not complied with, the Board itself errs in failing to ensure compliance. Id. The opinion provided by the examiner clearly failed to address evidence as requested, and failed to discuss the Veteran's contentions, and offered essentially no reasons and bases for the opinions. As such, the Board finds that this case is not ready for appellate review and must be remanded for compliance with the Remand instructions.

Accordingly, the case is REMANDED for the following action:

1. The RO shall ask the Veteran to identify all locations of VA treatment or evaluation for his asserted back disability and contact each VA medical facility identified by the Veteran to obtain ongoing medical treatment records pertaining thereto. All records obtained must be associated with the Veteran's claims file.
 
 2. The RO shall afford the Veteran a VA new examination by a VA physician that has not previously examined the Veteran in order to determine the nature and etiology of his asserted back disability over the entire course of this appeal. The claims file and a copy of this Remand must be made available to and be reviewed by the examiner in conjunction with the examination. All tests deemed necessary shall be conducted and the results reported in detail. 


The examiner is requested to provide a response to the following inquiries: 

a) Is it at least as likely as not (i.e probability of 50 percent or greater) that the Veteran has had a back disability (either cervical or lumbar) at any time over the course of this appeal since the date of claim in March 2000? If so, please identify the back disability(ities).

b) For each back disability identified, is it at least as likely as not that such is/are related to his period of active service?

The examiner is notified that where manifestations of a service-connected disability cannot be separated from the manifestations of a non-service-connected disability, all manifestations must be attributed to the service-connected disability.

In responding to the inquiries, the examiner must specifically address:

a) the July 1998 in-service injury, to include the ongoing service treatment dated through November 1998; 

b) the treatise evidence submitted by the Veteran's representative in July 2013; and 

c) the Veteran's lay testimony and statements in support of his claim. The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. If the examiner rejects the Veteran's reports of symptomatology, he or she must provide a reason for doing so. Medical reasons for rejecting any part of the Veteran's history should be set forth in detail.

The examiner is also advised that the absence of evidence of treatment for a neck or back disability in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what if any additional evidence would be necessary before an opinion could be rendered. The examiner must provide a rationale for each opinion given. It is requested that the examiner discuss the prior medical evidence in detail and reconcile any contradictory evidence. 
 
 3. The RO will then review the Veteran's claims file and ensure that the foregoing development actions have been conducted and completed in full, and that no other notification or development action, in addition to those directed above, is required. If further action is required, it should be undertaken prior to further claim adjudication.
 
 4. The RO will then readjudicate the Veteran's claim. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case. An appropriate period of time should be allowed for response.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).